## SUPREME COURT.

JEANIE DE F. K. BARBOUR, an infant, &c., agt. ROBERT W. DE FOREST, executor, &c., and others.

*Will — Codicil — construction of — Direction as to accumulation of income — when void — Effect as to residue of trust.*

The testator directed his trustees to set apart a third of the income of his residuary estate for the use of his great granddaughter during her life; the principal sum to go to her children, or, in case of her death without issue, to others. By a codicil, he directed that so much of such income as should not be needed, in the judgment of his executors, for her support, should be invested during her minority, and any accumulations of interest should be added to the principal:

*Held,* that though the terms of the codicil as to accumulations of income are in conflict with the provisions of the Revised Statutes, yet that this invalidity does not affect the residue of the trust, and that the invalid portion may be dropped.

*Special Term, May,* 1881.

*Anderson & Man,* for plaintiff.

*H. W. De Forest,* for defendants.

VAN VORST, J. — Burr Wakeman by his last will and testament, after making certain bequests, gave all the rest, residue and remainder of his estate, to his executors in trust, to hold the same, to collect and receive the income thereof; and he directed his trustees to set apart one-third part of such income for the use of his great granddaughter, Jeanie De Forest Knox Barbour, and they were directed to apply such equal third part of the income to the use of such great granddaughter during her life; and upon her death, the principal out of which such one-third part of the income of his estate arose, was given to her child or children surviving her; and in case of her death without issue her surviving, there was a gift over of the principal of the trust estate to others.

By a codicil to his will, thereafter made and executed, the

testator directed "that so much of the income of that share of his residuary estate set apart for his great granddaughter, Jeanie De F. K. Barbour, as should not be needed, in the judgment of his executors, for her support, should be retained and invested by them during her minority, and any accumulations of interest should be treated and dealt with as part and parcel of the principal of such share."

The plaintiff, the great granddaughter, is an infant about nine years of age, and this action is brought on her behalf by her guardian, for a judicial determination of her rights under the will and codicil, and especially as to the validity of the codicil, which provides for the investment of accumulations of income.

By the terms of the codicil, these accumulations are to be treated as part and parcel of the principal of the share, and in substance are to be added thereto, and be paid over to the person or persons entitled to the eventual estate. Such was evidently the intention of the testator, to be gathered from the words of the codicil to his will, which materially changed the disposition originally made.

Having regard to the persons, some of whom are not in being, and perhaps may never be, for whose benefit these accumulations of income are authorized, the terms of the codicil are in direct conflict with the provisions of the Revised Statutes.

Accumulations of income are authorized for the benefit of " one or more minors then in being," but are to terminate at the expiration of their minority (1 *Rev. Statutes,* 726, secs. 37, 38; *idem.,* 774, sec. 4).

The accumulations authorized by the testator are not for the benefit of the plaintiff, a minor, but are to form a part of the principal of the share which is given to the possible issue of the plaintiff, who may, perchance, be of full age upon her death, or contingently of Louisa W. Knox (a granddaughter of the testator, who is of full age) or of her possible issue, and who are not now in being.

This direction for accumulation of income being by force of the statute void, the question arises: How does this invalidity affect the residue of the trust, and how are these accumulations to be disposed of?

I conclude that the invalid portion may be dropped without disturbing the residue of the trust or the remaining testamentary direction in this regard.

The codicil modifies the original provisions of the will, which devoted the whole income of the one-third part of the residuary estate to the use of the testator's great-granddaughter during her life, by directing that so much thereof as shall not, in the judgment of the executors, be needed for her support, should be retained and invested by them during her minority. The codicil to that extent has no invalidity; the statute is violated by the subsequent disposition of these investments of income, which are allowed to accumulate.

Under the will itself any surplus of income, over and above what was needed from time to time for the support of the infant, would, without doubt, and that lawfully, have been held and allowed to accumulate for the infant during her minority, although no express directions as to such accumulations are given; and by dropping the words "and any accumulation of income shall be treated and dealt with as part and parcel of the principal of such share," which is the only direction which is invalid, the will itself is left intact and provision is made for accumulation of surplus income for the benefit of the plaintiff during her minority, and in the event of her death before attaining her majority, the accumulations of income would go to her next of kin, but should she reach her majority the accumulations would belong to her, and not to those entitled to the next eventual estate.

This is not making, as is suggested by the learned counsel for the plaintiff, a new will for the testator. It is, in fact, in entire harmony with the will as first made. It eliminates from the codicil what is conceded to be illegal, and leaves so much thereof as does not conflict with the original gift of

the income, but rather supplements it, and suggests what would doubtless have been done by the trustees with the surplus income during the minority of the plaintiff.

It still remains, however, with the trustees, according to their judgment, to determine how much of the income shall be applied for the purpose of the support of the infant, and the residue should be invested and held by them. This was clearly the intention of the testator; but they are to hold for the use and benefit of the plaintiff during her minority.

Judgment is directed for the construction of the will, and the determination of the rights of the infant, and the duty of the trustees, accordingly.